1. Neither the verdict of a jury, nor the report of a referee, or decision of a single judge without a jury, (which are put on the same footing by the Code of Procedure, §§ 268, 348,) is to be set aside upon a question of fact, where the evidence is conflicting, without a great preponderance of evidence against the conclusions arrived at therein, except possibly in equity cases.
2. The presumption of law is in favor of the good faith, diligence, intelligence, experience and knowledge of mankind, of such tribunal, and every intendment is to be made to support that presumption, so that if any possible view of the evidence, although apparently strained, will justify its finding, that is to be adopted.
3. It is not enough that the appellate court would have decided the other way, if the question were res integra.
4. The evidence must be so overwhelming against the finding, that without much aid from counsel the court can discover that it was so manifestly wrong that nothing but fraud, bias, mistake, perhaps inability to weigh the force of the evidence, or possibly oversight of material facts, could account for it.
6. In cases where the evidence is conflicting, and there are questions of credibility involved, a new trial should strictly only bé granted, on the ground that the verdict _is against the weight of evidence, where'the mere orderly statement of the evidence and of the points at issue on which it bears would startle the court by the injustice of the finding, without any elaborate argument, or the assistance of counsel. Per Robertson, Ch. J.
6. A court is not absolutely bound to exclude a piece of evidence as irrelevant, if it may be made relevant by a connection with other evidence; and it may rely on the promise of counsel to make it so. If the connecting links are not introduced by the party offering the evidence, the remedy of the opposite party is to move to strike it out; or, if the trial is before a jury, to ask the court to instruct the jury to disregard it.
t. Inasmuch as no one can prove at once a mass of facts tending to assist a defense or claim, a party must begin with some one fact; and it is matter of discretion for the court, with which he shall be allowed to begin. Per Robertson, Ch. J.
decided May 12, 1868.